UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BIG PICTURE LOANS, LLC,**

  Appellant,

v.  No. 4:24-cv-00103-P

**EVENTIDE CREDIT ACQUISITIONS, LLC,**

  Appellee.

### MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Big Picture Loans, LLC's ("BPL") Motion to Seek Leave to Appeal the Bankruptcy Court's Denial of their Motion to Dismiss under 12(b)(6) and to Compel Arbitration (ECF No. 1) as well as their Motion for Leave to Appeal the Order Denying their Motion for Relief from the Automatic Stay (4:24-cv-104-P: ECF No. 1, now merged with this case).

The Motion to Seek Leave to Appeal the Bankruptcy Court's Denial of their Motion to Dismiss under 12(b)(6) and to Compel Arbitration (ECF No. 1) was not opposed by Eventide and is accordingly **GRANTED**.

Appellee Eventide objected to and challenged the Motion for Leave to Appeal the Order Denying their Motion for Relief from the Automatic Stay. ECF No. 8. After review of the Motion (4:24-cv-104-P: ECF No. 1) the Opposition to the Motion (ECF No. 8) and BPL's reply (ECF No. 9), for the reasons stated below, the Court **DENIES** BPL's Motion for Leave to Appeal the Order Denying their Motion for Relief from the Automatic Stay.

### BACKGROUND

BPL seeks leave to appeal two orders of the bankruptcy court in the pending Chapter 11 bankruptcy of BPL. The Court recounts only the

facts giving rise to those orders that are pertinent to resolving the pending motion.

On September 15, 2023, the Debtor filed a Complaint for Turnover pursuant to Sections 542(a), 542(b), and 542(e) of the Bankruptcy Code against Big Picture in Adversary Proceeding No. 23-09006-mxm. The turnover claims seek to recover estate property following Big Picture's undisputed failure to make a payment on September 1, 2023, due by Big Picture under the terms of a Secured Promissory Note, with an outstanding principal balance of $28.65 million, and Loan and Security Agreement ("LSA") dated September 18, 2020.

On October 17, 2023, Big Picture filed Big Picture Loans, LLC's (i) Motion to Dismiss the Adversary Proceeding under Rule 12(b)(6), and (ii) Motion to Dismiss Adversary Proceeding in Favor of Arbitration, Alternatively, the Compel Arbitration, or to Stay or Abstain in Favor of Arbitration.

On October 31, 2023, in Case No. 23-90007-mxm11 (the "Bankruptcy Case"), Big Picture filed Big Picture Loans, LLC's Emergency Motion for Relief from the Automatic Stay.

On January 23, 2024, following a hearing on November 15, 2023, the Bankruptcy Court entered an order denying Big Picture's Motion to Dismiss or Compel Arbitration, which (i) denied Big Picture's motion to dismiss the Complaint, and (ii) denied Big Picture's motion to compel arbitration, which it viewed as premature at the motion to dismiss stage, without prejudice.

On January 23, 2024, the Bankruptcy Court also entered an order denying Big Picture's 362 Stay Motion, which denied Big Picture's request for relief from the automatic stay to commence arbitration without prejudice. Although the Rule 12(b)(6) Order and 362 Stay Order were entered without prejudice to Big Picture's rights to file another motion to compel arbitration, Big Picture filed motions for leave to pursue interlocutory appeals of the Rule 12(b)(6) Order and 362 Stay Order on February 1, 2024. This Court **GRANTS** leave to appeal the Rule 12(b)(6) Order as it is unopposed. The Court now addresses the motion for leave to appeal the 362 Stay Order.

## ANALYSIS

BPL bases its argument on the notion that the Order Denying BPL's Emergency Motion for Relief from the Automatic Stay is "immediately appealable as a matter of law under 9 U.S.C. § 16 because it (a) denies a direct request to commence arbitration, and (b) effectively denies BPL's statutory and contractual right to arbitration." 4:24-cv-104-P: ECF No. 1 at 3. The latter being the case here. *Id.* In response, Eventide argues that "[a]ppeal of the Stay Relief Motion is redundant and unnecessary since the entitlement of Big Picture to an arbitration will be decided in the Arbitration Order appeal and Big Picture can get whatever injunctive relief it is entitled to in the Bankruptcy Court" ECF No. 7 at 4. The Court agrees.

In deciding the appeal of the Bankruptcy Court's Order to Deny the Motion to Dismiss under 12(b)(6) and to Compel Arbitration this Court will be resolving the question of whether these claims should be arbitrated or not. When looking at the five questions BPL presents by the appeal of the Stay Order, the Court does not see how any of the questions will not be adequately answered by deciding their 12(b)(6) and Motion to Arbitrate appeal. *See* 4:24-cv-104-P: ECF No. 1 at 10.

Eventide is correct in that the appeal of the Stay Order is unnecessary. ECF No. 7 at 4. If this Court decides to reverse the decision of the Bankruptcy Court on their Motion to Compel Arbitration, the Stay Order would naturally become redundant. Likewise, if the Court affirms the decision of the Bankruptcy Court, then BPL would not be entitled to a lift of the Stay Order as it will have been decided they're not entitled to arbitration on the claims as pled.

Further, BPL does not cite to any caselaw which states that denials of motions to lift a stay serve as effective denials of a right to arbitrate. The Stay Order was put in place *as a result* of an order determining that the claims were not subject to arbitration—an order which this court will analyze on appeal. The Stay Order itself does not speak on arbitrability, those rights were addressed in the 12(b)(6) and Motion to Compel Arbitration Denial Order. The Court does not view the Stay Order by the Bankruptcy Court as an effective denial of BPL's right to

arbitration and any concerns BPL has as to their rights to arbitration will be addressed in the Appeal of the Bankruptcy Court's Denial of their Motion to Dismiss under 12(b)(6) and to Compel Arbitration. Accordingly, BPL's Motion for Leave to Appeal the Order Denying their Motion for Relief from the Automatic Stay is **DENIED.**

**SO ORDERED** on this **14th day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE